**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**


| | |
|---|---|
| CHARLES HICKMAN, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) No. 1:06-CV-151 |
| | ) |
| LOUIS TURITTO, TIMOTHY TURITTO, | ) Judge Curtis L. Collier |
| and all persons who claim an interest in | ) |
| the property located at 5842 Park Drive, | ) |
| Hamilton County, Tennessee, | ) |
| | ) |
| *Defendants*. | ) |


**MEMORANDUM AND ORDER**

This matter came before the Court for a hearing on Plaintiff Charles Hickman's ("Plaintiff")

Motion for Preliminary Injunction and Application for a Temporary Restraining Order (Court File

No. 32) on April 2, 2007.   Notice of the hearing was provided to all parties (Court File No. 37).

Attorney Luther Sutter appeared before the Court to represent Plaintiff, attorney Stephen Barham

appeared before the Court to represent Defendant Timothy Turitto ("Timothy Turitto"), Defendant

Louis Turitto ("Louis Turitto") did not appear, although duly noticed.[1]  Based upon the complaint

(Court File No. 1), Plaintiff's motion for summary judgment and supporting brief (Court File Nos.

---

[1] Louis Turitto has not answered nor appeared in this matter.  Notice of this hearing was given through the Court's electronic filing system (Court File No. 37) and Plaintiff's counsel represented to the Court on the record that he gave Louis Turitto notice of this hearing.  Plaintiff also certified that he served a copy of his motion for preliminary injunction on Louis Turitto (Court File No. 32).  Regardless, Louis Turitto, nor anyone representing him, appeared at the hearing on April 2, 2007.

22 & 23), the motion and brief in support of Plaintiff's preliminary injunction (Court File Nos. 32 & 33), the affidavit of Charles Hickman (Court File No.32, Attachment 1), the exhibits introduced into evidence and the arguments of counsel at the hearing on April 2, 2007, the Court **GRANTS** Plaintiff's motion and issues a preliminary injunction as more specifically detailed below.[2]

The authority to issue a preliminary injunction is found in Federal Rule of Civil Procedure 65. In relevant part, it provides, "no preliminary injunction shall be issued without notice to the adverse party . . . and except upon the giving of security by the applicant, in such sum as the court deems proper." FED. R. CIV. P. 65 (a)(1),(c). As notice of the hearing was provided to all the parties (Court File No. 37), the Court finds that Plaintiff is seeking a preliminary injunction, not a temporary restraining order. Accordingly, the Court **DENIES** Plaintiff's request for a temporary restraining order to the extent his motion may be construed to request such relief (Court File No. 32).

When determining whether to issue a preliminary injunction, the Court must consider and balance four factors:

(1) whether the movant has a "strong" likelihood of success on the merits;
(2) whether the movant would otherwise suffer irreparable injury;
(3) whether a preliminary injunction would cause substantial harm to others; and
(4) whether the public interest would be served by the issuance of a preliminary injunction

*Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000)(citing *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc)). Plaintiff, by a clear showing, carries the burden of persuasion. *Garlock, Inc. v. United Seal Inc.*, 404 F.2d 256, 257 (6th Cir.1968). These

---

[2] In addition to a preliminary injunction, Plaintiff also requested that an agreement he had with Defendant Timothy Turitto restricting his transfer of the subject property unless thirty (30) days notice is given to this Court and Plaintiff be formalized into a court order. Timothy Turitto's counsel read this agreement into the record at the hearing and it will be formalized into a court order in a separate document.

factors are to be balanced against one another and should not be considered prerequisites to the grant

of a preliminary injunction. *Daeschner,* 228 F.3d at 736.

First, from the representation of facts contained in the pleadings, the Court finds Plaintiff is

likely to succeed on the merits of this case. Plaintiff's claims include: (1) a request that the Court

find the transfer of Louis Turitto's property located at 5842 Park Drive, Hamilton County, Hixson,

Tennessee ("subject property") to his son, Timothy Turitto, a fraudulent transfer pursuant to the

Tennessee Uniform Fraudulent Transfer Act, Tenn. Code Ann. §§ 66-3-301 *et seq.*; and (2) a request

for a declaratory judgment pursuant to the Tennessee Uniform Declaratory Judgments Act, Tenn.

Code Ann. §§ 29-14-101 *et seq.*, that Plaintiff's lien is paramount to all others, that Louis Turitto

is the lawful owner of the subject property and that Plaintiff's lien has attached to the subject

property.

> Pursuant to the Tennessee Uniform Fraudulent Transfer Act:
>
> A transfer made . . . by a debtor is fraudulent  . . . if the debtor made the transfer . .
> . with actual intent to hinder, delay or defraud any creditor . . .in determining actual
> intent . . .  consideration may be given, among other factors, to whether the transfer
> or obligation was to an insider; the debtor retained possession or control of the
> property transferred after the transfer; the transfer or obligation was disclosed or
> concealed; before the transfer was made or obligation was incurred, the debtor had
> been sued or threatened with suit; the transfer was of substantially all the debtor's
> assets . . .

Tenn. Code Ann. § 66-3-305. The evidence indicates that the elements of this statute are satisfied.

Louis Turitto transferred his home to an insider, his son (Court File No. 1). He still lives in the

home, maintains it and bears some of the expenses associated with it. (*Id.*) He transferred the home

to his son on October 7, 2004 after he had been sued on July 6, 2004 (Court File No. 23). The home

is his largest asset (Court File No. 32). Additionally, his son, Defendant Timothy Turitto, has

admitted that he did not specifically provide consideration for the transfer, nor was he aware of it

until after the fact (Court File No. 23). Additionally, in his motion for summary judgment and supporting brief (Court File Nos. 22 & 23) Plaintiff claims that Louis Turitto's transfer of the home to his son warrants a suspicion of fraud which shifts the burden of proof to Defendants to demonstrate the conveyance was not fraudulent. Therefore, is appears that Plaintiff has a strong likelihood of success on the merits of his first claim.

It also appears that Plaintiff has a strong likelihood of success on the merits of his request for a declaratory judgment. "[I]n order to maintain an action for a declaratory judgment a justiciable controversy must exist. For a controversy to be justiciable, a real question rather than a theoretical one must be presented and a legally protectable interest must be at stake. If the controversy depends upon a future or contingent event, or involves a theoretical or hypothetical state of facts, the controversy is not justiciable." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn. 2000). Plaintiff's complaint presents a real question, the ownership of property he claims a legally protectable interest to, in connection with a justiciable controversy and Louis Turitto has retained all indicia of ownership of the subject property (Court File No. 1). Consequently, the Court finds that there is a strong likelihood that Plaintiff will be successful on the merits of his claims.

Second, the Court finds Plaintiff has made a sufficient showing that he will suffer irreparable harm absent an injunction. A preliminary injunction will be denied if the applicant has an adequate remedy at law. *First Nat. Bank and Trust Co. of Michigan v. Federal Reserve Bank of Chicago*, 495 F.Supp. 154, 157 (W.D. Mich. 1980). Even though Plaintiff does have a legal remedy, the Tennessee lis pendens statute ( Tenn. Code Ann.§ 20-3-101), it does not prevent Louis Turitto from further encumbering or impairing the value of the property. *See USACO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 99 (6th Cir.1982)(finding that the Kentucky lis pendens statute was not

a sufficient legal remedy to protect plaintiff from other types of harm).  Further encumbering the property will diminish the value of Plaintiff's collateral.  Without the injunction, Louis Turitto has the ability to diminish Plaintiff's interest while claiming he does not own the property, so Plaintiff cannot levy upon it.  Therefore, the Court finds Louis Turitto's continued encumbrance of the subject property will cause Plaintiff to suffer irreparable harm.

Third, the Court notes Defendants are likely to suffer little, if any, harm as a result of an injunction.   Plaintiff requests that Louis Turitto be prohibited from doing something he already should not be doing, i.e., encumbering property in which he claims no ownership interest. Essentially, Louis Turitto should not be able to have it both ways.  He claims no ownership interest in the subject property; therefore, he should not be able to claim that restricting his right to encumber it harms him.  A restriction on Louis Turitto's right to further encumber or impair the value of the property actually benefits the other Defendant, Timothy Turitto, as the current deed holder. Therefore, the Court finds that the harm to Defendants is not great and this factor also weighs in favor of granting an injunction

Finally, the Court finds the public interest is served by the issuance of a preliminary injunction because the public has an interest in discouraging fraudulent conveyances.  Louis Turitto should not be allowed to blatantly ignore and avoid the million dollar judgment Plaintiff has against him.

Accordingly, the Court hereby **ORDERS**:

(1)　A Preliminary Injunction shall issue requiring:

(a)　Defendant Louis Turitto and his agents, representatives, assigns or anyone acting on his behalf to immediately discontinue the use of lines of credit secured by the subject property; and

(b)　Defendant Louis Turitto and his agents, representatives, assigns or anyone acting on his behalf to refrain from further encumbering or impairing the value of the subject property.

(2)　Plaintiff is not required to post a bond or security in conjunction with this preliminary injunction.

(3)　This preliminary injunction shall remain in effect until final judgment on the merits of this action.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**